# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

GARY JACOBSEN and AUTO ONE INC.,

    Plaintiffs,

v.

CASS COUNTY, MISSOURI SHERIFF JEFF WEBER and MICHAEL KLINEFELTER,

    Defendants.

Case No. 4:18-cv-00557-NKL

## ORDER

Defendants Cass County, Missouri, Sheriff Jeff Weber, and Sheriff Deputy Mike Klinefelter move to exclude the testimony of Plaintiffs' retained expert, Charles Stephenson. Doc. 38. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I. Background

Plaintiff Gary Jacobson has filed suit against Weber and Klinefelter asserting claims for excessive use of force, negligent infliction of emotional distress, and battery arising from his arrest on the morning of June 27, 2017, at the Adesa Auto Auction in Belton, Missouri. To assist with his presentation of the case, Jacobsen has retained Charles Stephenson as a police practices expert. *See* Doc. 39-1 (Charles Stephenson Expert Report).

## II. Legal Standard

"Decisions concerning the admission of expert testimony lie within the broad discretion" of the Court. *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003). Pursuant to Federal Rule of Evidence 702, a witness properly qualified as an expert may testify in regard to their "scientific, technical, or other specialized knowledge" so long as it serves to "assist the trier of fact

to understand the evidence or determine a fact in issue." But "[o]pinions that 'merely tell the jury what result to reach' are not admissible." *Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010).

**III.    Discussion**

Defendants ask the Court to exclude Stephenson's testimony, in its entirety, pursuant to Federal Rule of Evidence 702. Defendants do not contest the knowledge or qualifications of Stephenson; instead, they argue that Stephenson's testimony will not be helpful to the jury and will invade the province of the Court because Stephenson offers only "legal conclusions, convenient speculation, conjecture and surmise." Doc. 39 (Defendants' Suggestions in Support of Their Motion to Exclude), p. 10. Stephenson's proffered opinions are listed within twelve paragraphs in his expert report, each numbered by the parties. Plaintiffs have withdrawn a number of the statements, leaving only the opinions in paragraphs one, two, three, and five, as modified in Plaintiffs' suggestions in opposition, for the Court to examine.[1]

**A. Opinion Regarding Violation of Department Policy (Paragraph 1)**

Stephenson's first opinion states: "Deputy Klinefelter was, at the time of this incident, acting under color of law with the unjustified purpose of enforcing a private company's internal policies, rules and procedures versus enforcing state law or constitution at the time of the incident." Doc. 46, p. 4. Defendants argue that this opinion should be excluded because it is "an irrelevant opinion and legal conclusion about a violation of department policy." Doc. 52 (Defendants' Reply Suggestions in Support of Their Motion to Exclude), p. 6.

---

[1] Plaintiffs state that they "have elected not to pursue claims against Sheriff Weber" and "will not offer the opinions in ¶4 or ¶¶ 6–12" of Stephenson's report. Doc. 46 (Plaintiffs' Suggestions in Opposition to Defendants' Motion to Exclude), pp. 2, 3. Thus, the motion to exclude is denied as moot as to these opinions.

However, the fact that a violation of departmental guidelines is not necessarily constitutionally unreasonable, *see Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1993) ("[U]nder section 1983 the issue is whether the government official violated the Constitution or federal law, not whether he violated the policies of a state agency. Conduct by a government official that violates some state statutory or administrative provision is not necessarily constitutionally unreasonable."), does not mean that a deviation from policy is irrelevant, *see Scherrer v. City of Bella Villa*, No. 4:07-CV-306 (CEJ), 2009 WL 690186, at *4 (E.D. Mo. Mar. 10, 2009) (concluding "[e]pert testimony that [the officer] departed from routine police procedure . . . could potentially be relevant to the determination of whether the amount of force used was reasonable, or whether [the officer] acted with malice, which would be relevant to his official immunity defense"). Nor is an opinion as to whether Klinefelter's conduct was consistent with department policy a legal conclusion. *See id.* (permitting testimony regarding whether officer departed from routine police procedure). Thus, Stephenson may offer his opinion as to whether Klinefelter was enforcing ADESA rules and whether such a purpose was appropriate under standard police practice and procedure.

**B. Opinions Regarding State of Mind and/or Intent (Paragraphs 2 and 3)**

Stephenson's second opinion states: "Deputy Klinefelter's use of force against Jacobsen was an unwarranted use of force against Jacobsen initiated by Klinefelter acting under color of law to inflict injury and suffering on Jacobsen in a punitive manner." Doc. 46, p. 4. Stephenson's third opinion states: "The arrest of Jacobsen for trespassing, interfering with or resisting arrest and assaulting a law enforcement officer was unjustified by facts known to Klinefelter and was a pretextual attempt by. . . Deputy Klinefelter to justify his punitive force against Jacobsen. Jacobsen's defensive acts were a reasonable response to force by the deputies." *Id.*

3

Plaintiffs assert that Klinefelter's state of mind is relevant to whether he is entitled to official immunity on Plaintiffs' section 1983 claim as well as whether he had the requisite intent to commit battery. However, this does not negate the fact that an expert "is not competent to testify as to the state of mind of others." *Sanders v. Studdard*, No. 12-01069-CV-W-GAF, 2014 WL 3487145, at *7 (W.D. Mo. Feb. 12, 2014); *see also Scherrer*, 2009 WL 690186, at *3 (excluding speculative testimony regarding officer's state of mind). Stephenson's statements and conclusions regarding whether Klinefelter acted with intent "to inflict injury and suffering on Jacobsen in a punitive manner" and whether his arrest of Jacobsen was a "pretextual attempt . . . to justify his punitive force against Jacobsen," Doc. 46, p. 4, demonstrate that Stephenson is opining on Klinefelter's state of mind.

Additionally, nothing in Stephenson's opinion requires expertise. A jury can apply the facts Stephenson considered to infer what state of mind Klinefelter was in at the time of the incident. *See United States v. Wilson*, 103 F.3d 1402, 1406–07 (8th Cir.1997) ("The jury is . . . free to draw reasonable inferences from the evidence presented about what the defendant's state of mind was when he did or said the things presented in the evidence."); *see also Sanders*, 2014 WL 3487145, at *7 (excluding expert opinions regarding officers' state of mind as "not helpful or lack[ing] competence"). Thus, Defendants' request to exclude opinions two and three, regarding Klinefelter's state of mind, is granted.

**C. Fifth Opinion Regarding the Objective Reasonableness of Use of Force**

Stephenson's fifth opinion states that "Klinefelter's use of force under color of law was objectively unreasonable." Doc. 46, p. 4. Plaintiffs assert that Stephenson's opinion is based on training, experience, and a reliable fact foundation that Klinefelter's use of force "was a deviation

from the established standards of accepted police practices and procedures," and is thus, not an improper legal conclusion. Doc. 46, pp. 11–12.

However, Stephenson's opinion as to whether Klinefelter deviated from established standards is substantially different from the ultimate conclusion embodied in paragraph five of his report that Klinefelter's use of force was "objectively unreasonable." Expert testimony on a legal matter, such as the objective reasonableness of Klinefelter's conduct, is inadmissible. *See Gorra v. Hanson*, 880 F.2d 95, 97 (8th Cir. 1989) ("Whether an official's conduct was objectively reasonable is a question of law."); *see also Sanders*, 2014 WL 3487145, at *7 (concluding that the "reasonableness of an officer's actions is a legal conclusion in a § 1983 excessive force case" and thus inadmissible expert testimony). That is because "[m]atters of law are for the trial judge." *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). As such, Defendants' request to exclude Stephenson's fifth opinion regarding the objective reasonableness of Klinefelter's use of force is granted.

## IV. Conclusion

For these reasons, Defendants' motion to exclude the testimony of Plaintiffs' retained expert, Charles Stephenson, Doc. 38, is granted in part and denied in part. Stephenson may not testify that Deputy Klinefelter's use of force against Jacobsen was "intended to inflict injury and suffering on Jacobsen in a punitive manner." Doc. 46, p. 4. Nor can he testify that Deputy Klinefelter's arrest of Jacobsen "was a pre-textual attempt by. . . Deputy Klinefelter to justify his punitive force against Jacobsen." Nor can Stephenson testify that Deputy Klinefelter's actions

were "objectively unreasonable."  The Court will permit Stephenson to testify regarding accepted police practices regarding use of force, as expressed in paragraph one of his expert report.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  August 12, 2019
Jefferson City, Missouri